UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| GREGORY B. DEAN, | ) | 3:06CV1291 |
| | ) | |
| Petitioner | ) | JUDGE CHRISTOPHER BOYKO |
| | ) | (Magistrate Judge Kenneth S. McHargh) |
| v. | ) | |
| | ) | |
| ROB JEFFRIES, | ) | |
| Warden | ) | |
| | ) | |
| Respondent | ) | REPORT AND RECOMMENDED |
| | ) | <u>DECISION OF MAGISTRATE JUDGE</u> |

McHARGH, MAG. J.

The petitioner Gregory Dean ("Dean") has filed a petition for a writ of habeas corpus regarding his 2003 convictions for rape and gross sexual imposition in the Delaware County, Ohio, Court of Common Pleas. (Doc. 1.)

The respondent has filed a motion to dismiss, arguing that the petition was untimely filed. (Doc. 10.)

I. PROCEDURAL BACKGROUND

After a jury trial, Dean was found guilty of rape and two counts of gross sexual imposition. (Doc. 10, RX B.) On May 21, 2003, Dean was sentenced to concurrent terms of five years on the rape conviction and eight months on the gross sexual imposition convictions. (Doc. 10, RX C.) Dean filed a direct appeal, and his convictions were confirmed on March 29, 2004. (Doc. 10, RX D, F.) Dean then filed a timely appeal through counsel to the Ohio Supreme Court on May 13, 2004, but

the court denied Dean leave to appeal, and dismissed the appeal as not involving any substantial constitutional question, on August 5, 2004. (Doc. 10, RX G, I.)

Dean then filed pro se a delayed appeal to the Ohio Supreme Court, on Feb. 11, 2005. (Doc. 10, RX J.) The court denied his motion for a delayed appeal on April 13, 2005. (Doc. 10, RX K.)

Dean filed a delayed application for reopening his appeal pursuant to Ohio App. Rule 26(B) on Feb. 10, 2005. (Doc. 10, RX L.) The court of appeals dismissed his application as untimely on Feb. 24, 2005, finding no good cause for the delay. (Doc. 10, RX N.) Dean appealed that determination to the Ohio Supreme Court, which denied his appeal on May 25, 2005. (Doc. 10, RX Q.)

Dean filed a petition for a writ of habeas corpus in this district court on May 24, 2006. (Doc. 1.) Dean has filed his petition pro se. The pleadings of a petition drafted by a pro se litigant are held to less stringent standards than formal pleadings drafted by lawyers, and will be liberally construed. Urbina v. Thoms, 270 F.3d 292, 295 (6th Cir. 2001) (citing Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972) (per curiam)). Other than that, no special treatment is afforded litigants who decide to proceed pro se. McNeil v. United States, 508 U.S. 106, 113 (1993) (strict adherence to procedural requirements); Jourdan v. Jabe, 951 F.2d 108 (6th Cir. 1991); Brock v. Hendershott, 840 F.2d 339, 343 (6th Cir. 1988).

## II. STATUTE OF LIMITATIONS

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) requires a state prisoner seeking a federal writ of habeas corpus to file his petition within one year after his state conviction has become "final." Carey v. Saffold, 536 U.S. 214, 216 (2002) (citing 28 U.S.C. § 2244(d)(1)(A)). The conviction becomes final "by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Thus, the one-year statute of limitations does not begin to run until all direct criminal appeals in the state system are concluded, followed by either completion or denial of certiorari before the United States Supreme Court, or the expiration of the time allowed (90 days) for filing for certiorari. Clay v. United States, 537 U.S. 522, 528 n.3 (2003); Anderson v. Litscher, 281 F.3d 672, 675 (7th Cir. 2002); Williams v. Artuz, 237 F.3d 147, 151 (2d Cir. 2001), cert. denied, 534 U.S. 924 (2001) (citing cases).

Dean's direct appeal to the Ohio Supreme Court was denied on August 5, 2004. (Doc. 10, RX I.) He did not file a petition for certiorari with the United States Supreme Court within the ninety days allowed, thus his conviction became final on Nov. 3, 2004, and the one-year statute of limitations began to run. (Doc. 10, at 6.)

The one-year period is tolled for the time during which an application for state post-conviction or other collateral review is "pending" in the state courts. Carey, 536 U.S. at 216-217 (citing 28 U.S.C. § 2244(d)(2)). In order to toll the one-year period under 28 U.S.C. § 2244(d)(2), there must be "a properly filed application

3

for State post-conviction or other collateral review" which is pending. 28 U.S.C. § 2244(d)(2). An application to reopen under Ohio Rule 26(B) is a collateral post-conviction procedure, not part of the direct appeal. Lopez v. Wilson, 426 F.3d 339 (6th Cir. 2005) (en banc), cert. denied, 126 S.Ct. 1880 (2006); Morgan v. Eads, 104 Ohio St.3d 142, 818 N.E.2d 1157 (2004) (syllabus).

Dean filed a delayed application for reopening pursuant to Rule 26(B) on Feb. 10, 2005. (Doc. 10, RX L.) The court dismissed the application as untimely. (Doc. 10, RX N.) The respondent posits that "assuming *arguendo* that Dean's untimely delayed application to reopen tolled the AEDPA statute of limitations," his petition was still too late. (Doc. 10, at 6.)

However, an untimely postconviction or collateral motion is not considered "properly filed" so as to toll the running of the statute of limitations. Williams v. Wilson, No. 03-4404, 2005 WL 2175914, at *3 (6th Cir. Aug. 9, 2005), cert. denied, 126 S.Ct. 2299 (2006) (citing Artuz v. Bennett, 531 U.S. 4, 8 (2000)); Israfil v. Russell, 276 F.3d 768, 771 (6th Cir. 2001), cert. denied, 535 U.S. 1088 (2002) (application for collateral review is "properly filed" when delivery in compliance with applicable rules governing filings); Webster v. Moore, 199 F.3d 1256 (11th Cir. 2000) (per curiam), cert. denied, 531 U.S. 991 (2000); Nichols v. Bradshaw, No. 1:03CV00565, 2006 WL 1805901, at *4 (N.D. Ohio June 29, 2006).

Thus, the statute of limitations expired in November 2005, and Dean did not file his habeas petition within the one year limitation period.

III. DEAN'S RESPONSE

Dean argues that the respondent miscalculated the running of the limitations period because he should be credited with filing his habeas petition on the day it was placed into the prison mail system, not the day it was filed. (Doc. 11, at 3-4.) Dean is correct that the U.S. Supreme Court, in Houston v. Lack, 487 U.S. 266, 270 (1988), adopted the mailbox rule, holding that a pro se prisoner's appeal is considered "filed" under federal law when it is turned over to prison authorities for mailing. However, whether the filing date should be considered May 17 or May 24, 2006, the petition was still filed beyond the one-year limitations period.

Dean also asserts that he should be entitled to equitable tolling for the period between the Ohio Supreme Court's entry of Aug. 4, 2004, and the filing of his pro se application for re-opening on Feb. 10, 2005, because he was unrepresented by counsel. (Doc. 11, at 4.) An application to reopen under Rule 26(B) is a collateral post-conviction procedure (not part of the direct appeal), therefore, there is no constitutional right to counsel. Lopez, 426 F.3d at 353.

The petitioner has the burden of persuading the court that he is entitled to equitable tolling. Allen v. Yukins, 366 F.3d 396, 401 (6th Cir.), cert. denied, 543 U.S. 865 (2004); McClendon v. Sherman, 329 F.3d 490, 494 (6th Cir. 2003); Griffin v. Rogers, 308 F.3d 647, 653 (6th Cir. 2002).

"Typically, equitable tolling applies only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.

209 F.3d 552, 560 -561 (6th Cir. 2000) (citing Baldwin County Welcome Ctr. v. Brown, 466 U.S. 147, 151 (1984); Johnson v. United States Postal Serv., 64 F.3d 233, 238 (6th Cir. 1995)).  The circumstances which will lead to equitable tolling are rare.  King v. Bell, 378 F.3d 550, 553 (6th Cir. Aug. 3, 2004) (citing Dunlap v. United States, 250 F.3d 1001, 1009 (6th Cir. ), cert. denied, 534 U.S. 1057 (2001)); Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir.), cert. denied, 531 U.S. 840 (2000) (rare and exceptional).

The following factors are generally considered when the issue of equitable tolling arises:

> (1) lack of actual knowledge of filing requirement; (2) lack of constructive knowledge of filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the defendant; and (5) a plaintiff's reasonableness in remaining ignorant of the notice requirement.

King, 378 F.3d at 553 (quoting Andrews v. Orr, 851 F.2d 146, 151 (6th Cir. 1988)).  When the petitioner does not claim ignorance of the filing requirement, the court examines his diligence in pursuing his rights and the reasonableness of his ignorance of the effect of his delay.  Id.  See also Smith, 208 F.3d at 17 (party seeking equitable tolling must have acted with reasonable diligence throughout period he seeks to toll).

Dean does not claim a lack of actual or constructive knowledge of the limitations requirement.  Rather, he argues that he miscalculated the filing deadline for the habeas petition in good faith, on the assumption that his

6

application for re-opening would toll the statute.[1]  (Doc. 11, at 5.)  The Sixth Circuit has repeatedly held that ignorance of the law is not sufficient to warrant equitable tolling.  Harvey v. Jones, No. 04-2487, 2006 WL 1208066 (6th Cir. May 2, 2006), cert. denied, 127 S.Ct. 289 (2006); Allen, 366 F.3d at 403 (citing Rose v. Dole, 945 F.2d 1331, 1335 (6th Cir.1991)); Jordan v. Bradshaw, No. 3:04 CV 7259, 2005 WL 2233265, at *3  (N.D. Ohio Sept. 13, 2005).

Dean's habeas petition was filed almost seven months late.  The Sixth Circuit "has declined to apply equitable tolling where the delay was far less than seven months."  Allen, 366 F.3d at 404 (citing Cook v. Stegall, 295 F.3d 517, 518 (6th Cir.), cert. denied, 537 U.S. 1091 (2002); Dunlap, 250 F.3d at 1010).

The court considers "absence of prejudice" as a factor only if other factors in the test are met.  Griffin v. Rogers, 399 F.3d 626, 637-638 (6th Cir. 2005) (citing Vroman v. Brigano, 346 F.3d 598, 605 (6th Cir. 2003); and Dunlap, 250 F.3d at 1009).  Dean has not established any of the other factors, thus prejudice will not be considered.

Dean has failed to carry his burden to persuade the court that he is entitled to equitable tolling.  Allen, 366 F.3d at 401; McClendon, 329 F.3d at 494.

---

[1] However, the Ohio Supreme Court had ruled on Oct. 22, 2004, in response to a certified question from this court, that an application under Rule 26(B) is a collateral post-conviction proceeding, and not part of the direct appeal process. Morgan, 104 Ohio St.3d at 142, 818 N.E.2d at 1157 (syllabus).

## IV.  SUMMARY

The respondent's motion to dismiss (doc. 10) should be granted.  Dean's petition for a writ of habeas corpus should be denied as untimely.

## RECOMMENDATION

It is recommended that the petition be dismissed.


Dated:   May 1, 2007                           /s/ Kenneth S. McHargh
                                              Kenneth S. McHargh
                                              United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Courts within ten (10) days of receipt of this notice.  Failure to file objections within the specified time WAIVES the right to appeal the District Court's order.  See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).