UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **GREGORY B. DEAN,** | ) | CASE NO. 3:06CV1291 |
| | ) | |
| Petitioner, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| vs. | ) | |
| | ) | **OPINION AND ORDER** |
| **ROB JEFFRIES, WARDEN,** | ) | |
| | ) | |
| Respondent. | ) | |

**CHRISTOPHER A. BOYKO, J.**:

This matter comes before the Court upon the Petition (ECF DKT #1) of Gregory B. Dean ("Dean") Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody. For the following reasons, the Court ACCEPTS and ADOPTS the Report and Recommendation of the Magistrate Judge; GRANTS Respondent's Motion to Dismiss (ECF DKT # 10); and DENIES the Petition as untimely.

**I. FACTUAL BACKGROUND**

After a jury trial, Dean was found guilty of Rape and two counts of Gross Sexual Imposition. He was sentenced, on May 21, 2003, to concurrent terms of five years on the Rape conviction and eight months on the Gross Sexual Imposition convictions. Dean filed a

direct appeal; and his convictions were affirmed on March 29, 2004. He then filed a timely appeal, through counsel, to the Ohio Supreme Court on May 13, 2004. However, on August 5, 2004, the Court denied him leave to appeal and dismissed the appeal as not involving any substantial constitutional question.

Dean then filed a *pro se* delayed appeal to the Ohio Supreme Court on February 11, 2005. The Court denied his motion on April 13, 2005.

Dean filed a delayed application for reopening his appeal pursuant to Ohio Appellate Rule 26(B) on February 10, 2005. On February 24, 2005, the Court of Appeals dismissed his application as untimely, finding no good cause for the delay. Dean appealed that determination to the Ohio Supreme Court, which denied his appeal on May 25, 2005.

On May 24, 2006, Dean filed the within *pro se* Petition for a Writ of Habeas Corpus, raising the following grounds for relief:

1. Plain error of the trial court resulted in wrongful conviction of the Petitioner.

2. Prosecutorial misconduct resulting in the wrongful conviction of the Petitioner.

3. Petitioner was prejudiced by constitutionally ineffective assistance of both trial and appellate counsel, causing the wrongful conviction of the Petitioner.

4. The trial court again erred at sentencing when it made findings outside of those made by the jury to impose more than the minimum sentence allowed by the jury's verdict alone.

This Petition was referred to the Magistrate Judge for a Report and Recommendation on August 22, 2006. Respondent filed a Motion to Dismiss on October 19, 2006. Petitioner's Reply/Traverse was filed on November 20, 2006. The Magistrate Judge issued a Report and

Recommendation on May 1, 2007. Dean timely filed his Objections on May 14, 2007.

## II. LAW AND ANALYSIS

### Standard of Review

Rule 8(b)(4) of the Rules Governing § 2254 provides: "A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify in whole or in part any findings or recommendations made by the magistrate."

### Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") requires a state prisoner seeking a federal writ of habeas corpus to file his petition within one year after his state conviction has become "final." *Carey v. Saffold*, 536 U.S. 214, 216 (2002) (citing 28 U.S.C. § 2244(d)(1)(A)). The conviction becomes final "by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Therefore, the one-year statute of limitations does not begin to run until all direct criminal appeals in the state system are concluded, followed by either completion or denial of certiorari before the United States Supreme Court, or the expiration of the time allowed (ninety days) for filing for certiorari. *Clay v. United States*, 537 U.S. 522, 528 n.3 (2003).

Dean's direct appeal to the Ohio Supreme Court was denied on August 5, 2004. He did not file a petition for certiorari with the United States Supreme Court within the ninety-day time frame; so, his conviction became final on November 3, 2004, and the one-year statute of limitations began to run.

This one-year period is tolled for the time during which an application for state post-

conviction or other collateral review is pending. *Carey*, 536 U.S. at 216-217 (citing 28 U.S.C. § 2244(d)(2)). In order to toll the statute of limitations, there must be "a properly filed application for State post-conviction or other collateral review" which is pending. An application to reopen under Ohio Rule 26(B) is such a collateral procedure, and is not part of the direct appeal. *Lopez v. Wilson*, 426 F. 3d 339 (6th Cir. 2005) (*en banc*), cert. denied, 126 S.Ct 1880 (2006).

Dean filed a delayed application for reopening pursuant to Rule 26(B) on February 10, 2005, which the appellate court dismissed as untimely.

An untimely post-conviction or collateral motion is not considered "properly filed" so as to toll the running of the statute of limitations. *Pace v. DiGuglielmo*, 125 S.Ct. 1807, 1814 (2005); *Artuz v. Bennett*, 531 U.S. 4, 8 (2000); *Walker v. Smith*, 360 F. 3d 561, 563 (6th Cir. 2004).

Dean filed his Petition for Writ of Habeas Corpus on May 24, 2006; while the statute of limitations expired on November 3, 2005. Thus, he did not file his habeas petition within the one-year limitations period.

**Mailbox Rule**

Dean correctly notes the United States Supreme Court, in *Houston v. Lack*, 487 U.S. 266, 270 (1988), adopted the "mailbox rule." Under that rule, the Petitioner is credited with filing his habeas petition on the day it is placed into the prison mail system, not the day it is filed with the court. For Dean, the argument is unavailing. Whether the filing date is considered to be May 17, 2006 or May 24, 2006, his Petition was, nonetheless, filed beyond the one-year limitations period.

**Equitable Tolling**

While the statute of limitations is an affirmative defense, the Petitioner bears the burden of persuading the Court that he is entitled to equitable tolling of the limitations period. *Keenan v. Bagley*, 400 F. 3d 417, 420 (6th Cir. 2005); *Allen v. Yukins*, 366 F. 3d 396, 401 (6th Cir. 2004).  In this Circuit, the Court considers five factors: (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.  *Griffin v. Rogers*, 399 F. 3d 626, 635 (6th Cir. 2005); *Allen*, 366 F. 3d at 401.  Not all of the factors apply in every situation.  "Instead, courts must consider equitable tolling on a 'case-by-case basis.'"  *Griffin*, 399 F. 3d at 635.

In this instance, Dean has not satisfied his burden of showing diligence when he delayed eighteen months after his conviction was final, and six months after the statute of limitations expired, before filing his petition.  *Allen*, 366 F. 3d at 404.

Dean asserts he was unrepresented by counsel and had "limited access to legal materials."  However, ignorance of the law is not a basis for the application of equitable tolling.  *Allen*, 366 F. 3d at 403.

Furthermore, Dean is not entitled to the benefit of equitable tolling when his own filings create a dispute regarding his knowledge of AEDPA deadlines and time limitations.  In his Affidavit in support of his Reply/Traverse (ECF DKT #11-5 at ¶ 3), Dean swears he had neither actual nor constructive knowledge of the AEDPA statute of limitations.  Yet, in his *pro se* Brief in Reply/Traverse (ECF DKT #11 at p.5), Dean states: "Petitioner found out

about the AEDPA statute of limitations, and promptly began again searching for someone to help him to file his § 2254 petition." At page 6, Dean further recites: "the Petitioner DID discover the AEDPA's filing requirement, EVEN despite the 'State Created Impediment', and sought to timely file his § 2254 petition."

The Court reaches the question of "absence of prejudice" to the Respondent, only if the other relevant factors are met. Dean has not established any of the other factors; so, prejudice need not be considered.

In conclusion, Dean has failed to satisfy his burden of persuading the Court he is entitled to equitable tolling of the statute of limitations. *Allen*, 366 F. 3d at 401; *McClendon v. Sherman*, 329 F. 3d 490, 494 (6th Cir. 2003).

**Actual Innocence**

Recently, the Sixth Circuit announced that the Constitution requires an actual innocence exception to the AEDPA statute of limitations. *Souter v. Jones*, 395 F. 3d 577, 599 (6th Cir. 2005). The showing of actual innocence serves to toll the limitations period provided in 28 U.S.C. §§ 2244(d)(1) and 2255. *Id.* at 597 n.12. Thus, "where an otherwise time-barred habeas petitioner can demonstrate that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt, the petitioner should be allowed to pass through [AEDPA's] gateway and argue the merits of his underlying constitutional claims." *Id.* at 602. This exception requires new evidence "which undermines this court's confidence in the outcome of the trial," *Id.* at 600; and, in fact, new, reliable evidence that petitioner "did not commit the acts forming the basis for his conviction." *Ross v. Berghuis*, 417 F. 3d 552, 555-56 (6th Cir. 2005).

Dean raises the claim of actual innocence for the first time in his Objections to Magistrate's Report and Recommendation (ECF DKT #13).  He asserts the claims in his Petition are the substantial equivalent of a claim of actual innocence. (ECF DKT #13 at p.2).  He argues at page 3, that "'[a]bsent the prejudicial testimony' solicited through prosecutor misconduct in this case, that no reasonable juror of [sic] trier of fact would have found him guilty.  This has the same effect as 'New Evidence' ..."  These arguments are not persuasive.

In the absence of new, exculpatory evidence establishing his innocence by a more-likely-than-not standard, Dean does not provide this Court with a basis to equitably toll the one-year statute of limitations by applying the actual innocence exception.

### III. CONCLUSION

For the foregoing reasons, the Court finds Dean's habeas petition is barred by the one-year limitations period set forth in the AEDPA.  The Court ADOPTS and ACCEPTS the Magistrate Judge's well-reasoned Report and Recommendation.  Respondent's Motion to Dismiss is GRANTED.  Therefore, the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody is DENIED.

The Court further finds an appeal from this decision could not be taken in good faith.  28 U.S.C. § 1915(a)(3).  Since Petitioner has not made a substantial showing of a denial of a constitutional right directly related to his conviction or custody, the Court declines to issue a certificate of appealability.  28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b).

**IT IS SO ORDERED.**

**DATE: November 13, 2007**         s/Christopher A. Boyko
                                    **CHRISTOPHER A. BOYKO**
                                    **United States District Judge**